**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CARL DANIEL JACKSON,                                                                        PLAINTIFF
ADC #98003

v.                                        5:14CV00184-JLH-JTK

ALVA GREEN, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      Introduction

Plaintiff Carl Daniel Jackson is a state inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC).  He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging denial of adequate medical care and treatment.  Having reviewed Plaintiff's Complaint and exhibits, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

2

Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

## III.   Facts and Analysis

Plaintiff alleges in his Complaint that he continues to suffer back pain, despite his treatment by Defendants for over ten years.  (Doc. No. 2, p. 54.)  This treatment includes x-ray tests and various medications, including a current prescription for a muscle relaxer.  (Id., p. 55.)  However, unidentified Defendants refuse to order a M.R.I. test, which Plaintiff requests in the form of

injunctive relief.  (Id., p. 56.)

Plaintiff also complains about his treatment for a torn tendon in his foot, claiming that when he first saw Dr. Schock for his complaints in January, 2013, he was not treated.  (Id., pp. 57-58.) He states he filed several grievances about his lack of treatment to Defendants Green, Houghy, Kelley, and Schock, but they took no action to ensure treatment, and instead, instructed him to submit a sick call request.  (Id., p. 58.)  He admits Dr. Schock treated him twice in April, 2013, and prescribed medications and special boots.  (Id., pp. 60-61.)  Plaintiff complains he did not receive his medications and that unknown persons have failed to grant his request for a bottom tier cell.  (Id., p. 61.)  He asks for damages for deliberate indifference with respect to the three-month treatment of his foot condition, together with injunctive relief in the form of a bottom tier script.  (Id., p. 62.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In addition, in order to support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

4

Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." <u>Long v. Nix</u>, 86 F.3d 761, 765 (8th Cir. 1996).

The Court finds that Plaintiff's allegations against unidentified persons concerning the treatment of his back condition amount to a disagreement over the type of treatment provided, and do not support a claim of deliberate indifference in violation of the Eighth Amendment. According to the grievances Plaintiff filed with his Complaint, together with facts acknowledged in his Complaint, he has been treated with medications, and x-ray tests have been taken. (Doc. No. 2, pp. 37-42.) Plaintiff does not identify any acts constituting deliberate indifference by any named Defendants.

The Court also finds that Plaintiff's allegations against Defendant Schock regarding treatment of his foot condition amount to a disagreement over the type of treatment provided, and at most, allege negligence in terms of the expediency in his treatment. As Plaintiff acknowledges in his Complaint, and as supported by the responses to his grievances, his appointment to see Dr. Schock in January, 2013, concerned complaints over his back pain. (Doc. No. 2, pp. 40-42, 57.) When Plaintiff filed grievances about his foot, he was instructed to submit a sick call request for that problem. (<u>Id</u>., pp. 26-28.) Plaintiff complains that when Dr. Schock first saw him about his foot problem, he told Plaintiff he could not do anything about it, but admits that he was treated ten days later and prescribed medications and boots. (<u>Id</u>., p. 60.) According to the grievance he filed about this, Dr. Schock ordered x-rays after the first April visit, and the medications which were ordered were delayed because they were not formulary medications and were not initially approved. (<u>Id</u>.,

pp. 18, 34.)   Based on Plaintiff's allegations and the grievances provided, the Court finds his allegations fail to support an Eighth Amendment claim against Dr. Schock.

In addition, his claims against Defendants Green, Houghy and Kelley, based on their responses to his grievances, fail to support a constitutional claim for relief.   Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies."   Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).

Plaintiff also does not allege any unconstitutional actions by the remaining named Defendants, Sonya Peppers, Milligon, and Jarvis, and does not identify the Doe Defendant(s). Therefore, the Court finds that Plaintiff's Complaint against Defendants should be dismissed, for failure to state a claim upon which relief may be granted.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 16th day of May, 2014.

_____
 JEROME T. KEARNEY
 UNITED STATES MAGISTRATE JUDGE